J. L. and L. L. KITCHEN *v* W. C. TROY.

Where there are no facts found, and the pleadings and affidavits are conflicting, the case will be remanded, to the end, that the facts may be found by the Court below, or by a jury upon proper issues submitted to them.

CIVIL ACTION, and prayer for an Injunction, heard before *Watts, J.,* at Chambers, at the June Term, 1874, of WAKE Superior Court.

After notice, the defendant moved to vacate the Injunction, granted upon application of the plaintiffs, when the summons issued.   His Honor refused to vacate the Injunction, and the defendant appealed.

As the case is remanded for the facts to be found, it is unnecessary at this stage of the proceedings, to state the facts apparently admitted in the complaint and answer.

*Fuller & Ashe*, for appellant.
*Jones & Jones*, and *Smith & Strong*, contra.

PEARSON, C. J. The facts are not found, and taking the complaint and the answer as affidavits, in connection with the other affidavits filed, there is so much conflict that this Court is not competent to decide the "questions of fact" as distinguished from "issues of fact."

The case is, therefore, remanded to the end that the facts may be found by the Court, or upon issues submitted to a jury.

Mr. Ashe moved to dismiss the action on the ground that the complaint does not allege facts sufficient to entitle the plaintiffs to the relief demanded, that is, a rescission of the second mortgage. It may be, that the facts alleged will not entitle the plaintiffs to have the second mortage rescinded; but the plaintiffs allege that the second mortgage was executed with the understanding that the first mortgage and the gold watch was to be surrendered as a condition precedent. If such be the fact, the plaintiffs have an equity to enjoin a sale under the second mortgage, until the defendant has purged himself of the imputed fraud and breach of faith by surrendering the first mortgage and watch, and paying by way of compensation, the damages suffered by the plaintiffs, by reason of not being able to dispose of the land and watch, which, in breach of the agreement, the defendant has fraudulently, as is alleged, failed to surrender.

This will be certified.

PER CURIAM.                                    Case remanded.